```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

      Plaintiff,

vs.           Case No. 2:08-cv-62-FtM-29DNF

TRACT J42-25, 2.5 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, SHAWN ASHBY POSTLEHWAIT, ET
AL.,

      Defendants.

_____

## **OPINION AND ORDER**

   This matter came before the Court on July 7, 2009, for a bench trial on the matter of just compensation in 18 condemnation proceedings. All parties known or believed by plaintiff to have an interest in the property have been properly served or notified as provided by Fed. R. Civ. P. 71.1. Claimant Shawn Ashby Postlethwait appeared with counsel and presented testimony and argument.

  The Court heard testimony from John R. Underwood, Jr., President and owner of Appraisal and Acquisition Consultants, Inc. since 1983, who testified on behalf of the government regarding the appraised value of the parcel of land subject to these condemnation proceedings. Starting in 1971, Mr. Underwood worked as a staff appraiser for First Federal Savings & Loan of Lake Worth, Florida. Mr. Underwood received training from the Society of Real Estate Appraisers, and the American Institute of Real Estate Appraisers, now known as the Appraisal

Institute. Mr. Underwood received his MAI designation in 1981, and SRA designation, from the Appraisal Institute, the largest organization of appraisers in the United States, which requires continuing education. Mr. Underwood also completed 30 hours every 2 years for the State of Florida to maintain the designations. Mr. Underwood has previously testified and was qualified as an expert approximately 150 times. Mr. Underwood has appraised commercial buildings to wetlands for varying private and government parties, and has conducted about 1000 appraisals. The Big Cypress National Preserve was established in 1974 to protect the environment and the aquifers. In 1988, the east expansion of Big Cypress was Congressionally authorized.

Mr. Underwood testified to the following characteristics of the parcel of land, after appraisal by helicopter because the land is mostly inaccessible, and using a sales comparison approach: The parcel is (1) remote; (2) similar highest and best use to surrounding parcels; (3) flooded 9 months of the year; and (4) has cypress vegetation. The subject land has the highest and best use of passive recreational, meaning the land cannot be developed because it is not commercially viable but the wilderness may be enjoyed. No taking has yet occurred of this parcel by the government. The sales comparison approach used 8 sales from the Fakahatchee Strand having a lowest value of $800.00, highest value of $2,000.00, and average of $1,250.00. The mineral rights were considered to the extent that the

comparable land also included mineral rights. The oil and gas rights are not taken as part of the tract of land subject of this trial.

Mr. Underwood testified that the parcel in this case is located approximately four miles West of the Collier County line and five miles South of Alligator Alley, but not close to any roads or airboat trails. The parcel is covered in cypress trees but could be accessed on foot if needed, and has no improvements. See Gov't Exh. 2 (aerial photograph dated May 12, 2008). Mr. Underwood examined the sales history for the parcel and determined that the last purchase price on record was in 1969 and was approximately $600.00 based on the stamp tax at the time. See Gov't Exh. 1 (Warranty Deed). Mr. Underwood testified that this represents a 13% annual increase in value to the current assessed value of $3,800.00.

Mr. Underwood was questioned by counsel for claimant regarding the Sunniland oil fields in light of testimony that the parcels were all swamp, wetlands, remote, and having a highest and best use of recreational. Counsel for claimant highlighted that property taken for a public purpose has been later sold for commercial development; that condemnation blight can occur where a taking causes surrounding per acre values to decrease; and that the value of the cypress trees was not considered. Mr. Underwood testified that blight was not considered because the comparable sales were not subject to condemnation and a market study was used, and that trucks and roads would be required to harvest the cypress trees, so the value cannot be

3

assessed.  Mr. Underwood testified that, regardless of the taking, the land could not be developed.

After the government rested, claimant Shawn Ashby Postlethwait testified as a current co-owner with family members of the parcel of land.  Mr. Postlethwait testified that the land was given to him by his mother, who bought it in 1969.  Mr. Postlethwait stated that he desired to maintain the mineral rights, just in case, and requested a reverter clause so if the public purpose of the taking is altered, the property can be returned to the family.  Mr. Postlethwait compared the parcel to his home in Pinellas County, Florida, which at one time was also considered swamp land.  Mr. Postlethwait stated that he desired $5,000.00 per acre as just compensation, without providing a foundation for the figure.

The Big Cypress National Preserve was established "[i]n order to assure the preservation, conservation, and protection of the natural, scenic, hydrologic, floral and faunal, and recreational values of the Big Cypress Watershed in the State of Florida and to provide for the enhancement and public enjoyment thereof."  16 U.S.C. § 698f(a).  "No improved property, as defined by sections 698f to 698m-4 of this title, nor oil and gas rights, shall be acquired without the consent of the owner unless the Secretary, in his judgment, determines that such property is subject to, or threatened with, uses which are, or would be, detrimental to the purposes of the preserve."  16 U.S.C. § 698f(b).  As previously stated, the oil and gas rights are not being

4

taken with the subject parcel.

Although counsel argued that the government's purpose for the taking may not be for a public purpose in the future, the argument is speculative and without factual basis. No evidence was presented that the taking was unrelated to the public purpose set forth in 16 U.S.C. § 698f(a), and the Court finds that the taking is for the public purpose as stated in the Complaint, Schedule "A". (Doc. #1-2.)

The evidence presented shows that just compensation was determined using comparable sales having similar characteristics, but not subject to condemnation, in the Fakahatchee Strand. Therefore, counsel's arguments regarding blight are rejected. Additionally, counsel's comparison to the developed and populated Pinellas County, Florida is rejected because it is not representative of the fair market value of a parcel of land in the Big Cypress National Preserve, no comparable post-taking sales were proffered, and comparable sales at the time of the taking is still the best evidence of fair market value. See generally United States v. 45,131.44 Acres of Land, 483 F.2d 569 (10th Cir. 1973); United States v. 320.0 Acres of Land, 605 F.2d 762 (5th Cir. 1979); United States v. 47.14 Acres of Land, 674 F.2d 722 (8th Cir. 1982); United States v. 819.98 Acres of Land, 78 F.3d 1468 (10th Cir. 1996); United States v. 4.85 Acres of Land, 546 F.3d 613 (9th Cir. 2008).

In considering valuation of the property, elements considered "too speculative and conjectural to afford a basis for the judicial

ascertainment of value" if possible but not reasonably probable to have value, i.e., commercial viability, should be excluded from consideration. Eagle Lake Improvement Co. v. United States, 141 F.2d 562, 564 (5th Cir. 1944)[1](citing Olson v. United States, 292 U.S. 246, 257 (1934)). See also St. Genevieve Gas Co. v. Tennessee Valley Auth., 747 F.2d 1411, 1413-14 (11th Cir. 1984). In this case, unlike the gas and oil rights that are retained by claimants and are specifically excluded from the action, there was no evidence presented by either side that mineral deposits are either present on the land or if present could be mined and sold for profit. As such, the mineral rights that are taken with the land have a zero value in determining just compensation.

Claimant requests a reverter clause based on the speculation that the intended public purpose could change. As previously stated, the Court finds that mere speculation that the United States may fail to comply with the statutory mandates of 16 U.S.C. § 698f, *et seq.*, is without evidentiary basis. Therefore, no reverter clause will be imposed.

The Court, having considered the testimony, other evidence, and argument of counsel hereby **ORDERS AND ADJUDGES:**

1. The Plaintiff has the right to condemn the subject properties

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

for the public purpose set forth in the Complaint in Condemnation.

2. Just Compensation for the taking of the fee simple title to the subject property, is **$1,500.00 per acre,** rounded up to the nearest 100, for a total value of **$3,800.00**. Payment of the Just Compensation will be in full satisfaction of any and all claims of whatsoever nature against the Plaintiff by reason of the institution and prosecution of this action and taking of the subject property.

3. Plaintiff will deposit the Just Compensation determined at trial and in this Opinion and Order into the Registry of the Court within **SIXTY (60) DAYS** of this Order. The Clerk shall administratively close the file pending the entry of final judgment.

4. On the date of the deposit of the Just Compensation into the Registry of the Court, title to the Property will vest in the Plaintiff and the Plaintiff will be entitled to immediate possession of the Property. Upon making such deposit, Plaintiff will timely notify the Court and move for a final judgment of condemnation by filing a motion.

5. The Just Compensation will be subject to all real estate taxes, liens and encumbrances of whatsoever nature existing against the Property at the time of vesting the title thereto in the Plaintiff and all such taxes, liens, encumbrances of whatsoever nature will be payable and deductible from the Just Compensation.

6. The Clerk of the Court will retain the deposited Just Compensation until further Order of this Court upon consideration of

any applications for distribution filed by persons claiming or asserting an interest in the Just Compensation, including Shawn Ashby Postlethwait.  Plaintiff's counsel shall notify the Clerk of the Court when the case reaches a **zero balance** so that it may be closed.

7.  In the event that the Just Compensation and any interest, or any part thereof, remains unclaimed for a period of **FIVE (5) YEARS** from the date of this Opinion and Order, the Clerk of the Court, pursuant to 28 U.S.C. § 2042, will cause such sum, together with any interest, to be deposited in the United States Treasury in the name and to the credit of the United States of America.

**DONE AND ORDERED** at Fort Myers, Florida, this ___22nd___ day of July, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Kyle Scott Cohen, AUSA
Counsel of Record
Parties of record

DCCD
Intake
Finance